**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICADRO LOPEZ PATISHTAN,<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-05788-JLT-EPG<br>A-Number: 216-834-647<br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br>(Doc. 1) |

Before the Court is Ricardo Lopez Patishtan's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DIMISSES** the petition as moot. (Doc. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is from Mexico. He has lived in the United States for 17 years. (Doc. 2 at 6.) In May of 2026, Petitioner was Petitioner was taken into ICE custody and then transferred to the Mesa Verde ICE Processing Center in Bakersfield, California. (*Id.* at 2.)

On July 24, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (Doc. 1 at 6.) On July 28, 2026, the assigned magistrate judge in this case issued an order prohibiting Respondents from transferring Petitioner out of the Eastern District of California. (Doc. 6.) That same day, Respondents filed an opposition arguing Petitioner was subject to a final order of removal and detained under 8 U.S.C. § 1231(a)(2). (Doc. 7 at 1.) Respondents noted that on July 27, 2026, Petitioner was ordered removed from the United States and all parties waived appeal. (*Id.*) On September 3, 2026, Respondents informed the Court that on July 17, 2026, a state court judge in Florida issued a bench warrant for Petitioner. (*See* Doc. 10, Decl. of Deportation Officer Maika Renteria ("DO Decl.") at ¶ 5.) On August 31, 2026, Petitioner was released from immigration custody and upon release, an extradition team from Blue Knight Corporation retrieved Petitioner pursuant to the bench warrant.[1] (*Id.* at ¶¶ 7-8.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Because Petitioner was ordered removed on July 27, 2026, (Doc. 7-1 at 1) and did not file an appeal within the thirty-day window, his order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). Thus,

[1] According to the declaration of Deportation Officer Maika Renteria, "ICE consulted with the Office of the Principal Legal Counsel, and it was determined that releasing Petitioner from immigration custody would not violate the Court's no transfer/no removal order." (DO Decl. at ¶ 6.) The Court declines to address whether Respondents' transfer of Petitioner pursuant to the bench warrant violated this Court's no transfer order, as the Court dismisses the petition on the basis that it is rendered moot given the change in detention authority.

Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2) and Petitioner is subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner, who failed to appeal the IJ's grant of voluntary departure, was subject to mandatory detention and a final order of removal, thereby denying habeas relief).

"A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Thus, the Court does not consider whether Petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED AS MOOT**.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 11, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE